**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1425**

---

ANDREA STILLWELL,

       Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA; DRUG ENFORCEMENT ADMINISTRATION,

       Defendants - Appellees.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cv-00298-WO-JLW)

---

Submitted:  January 31, 2023              Decided:  June 16, 2023

---

Before GREGORY, Chief Judge, and KING and QUATTLEBAUM, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Andrea Stillwell, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrea Stillwell appeals the district court's order adopting as modified the recommendation of the magistrate judge and dismissing without prejudice Stillwell's complaint seeking the return of property—including electronic devices, storage media, and three suppressors—seized by the Government during a search of her home. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

Stillwell first contends that the district court erred in adopting the magistrate judge's recommendation to dismiss her claim for the return of the electronic devices and storage media. But because Stillwell failed to object to the magistrate judge's recommendation on this claim, Stillwell has waived appellate review of the dismissal of the claim. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 103 (4th Cir. 2020).

Stillwell next challenges the district court's rejection of her request for the return of the three suppressors. The Government argued in a response brief filed in the district court that returning the suppressors to Stillwell would contravene *Henderson v. United States*, 575 U.S. 622, 630 (2015), because Stillwell's husband is a felon and his actual or constructive possession of the suppressors would violate 18 U.S.C. § 922(g)(1). In a reply brief, Stillwell insisted that her husband would not exercise any control over the suppressors if they were released to her because her husband is serving a life sentence in federal prison. If the district court rejected that proposition, however, Stillwell asked the court to order the transfer of the suppressors to a firearms dealer for sale—a remedy that the Supreme Court approved in *Henderson*.

2

The district court agreed with the Government that returning the suppressors to Stillwell would conflict with *Henderson*. And the district court declined to address Stillwell's request for the transfer of the suppressors to a firearms dealer for sale because it was made for the first time in a reply brief. *See* M.D.N.C. Civ. R. 7.3(h).

We conclude that the district court erred in two respects when considering the suppressors. First, the district court failed to either assess the credibility of Stillwell's assurances that her husband would not exercise control over the suppressors if they were released to her or ask her for additional assurances. *See Henderson*, 575 U.S. at 630-31. Second, the district court unjustifiably declined to address Stillwell's alternative request that the suppressors be transferred to a firearms dealer for sale. The Government raised the Supreme Court's decision in *Henderson* for the first time in its response brief, and the district court's local rules allow a party to file a reply brief that addresses a new issue raised in a response brief. We are thus satisfied that Stillwell—who proceeded pro se in the district court—appropriately responded to the Government's *Henderson* argument by proposing an alternative remedy approved in that decision and that the district court should have considered the merits of that proposal.

Accordingly, we affirm the district court's dismissal of Stillwell's request for the return of the electronic devices and storage media. We vacate, however, the district court's denial of Stillwell's request for the return of the three suppressors and remand for further

3

proceedings on that request.* We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

* We observe that the district court never resolved Stillwell's argument that the Government lacked probable cause to seize the three suppressors. The district court should consider that argument in the first instance on remand, if necessary.